IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLYMPIC SPORTS DATA SERVICES, LTD., | : | |
| Plaintiff | : | MISCELLANEOUS ACTION |
| | : | |
| v. | : | NO. 07-117 |
| | : | |
| SANDY MASELLI, Jr., et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                 **March 16, 2009**

This case involves a dispute over the ownership of two domain names: <onlinesportsbook.com> and <online-sportsbook.com>.[1]  Olympic Sports Data Services, Ltd. has moved for partial dismissal of SBG Global's complaint.  (Olympic's Mot. to Dismiss (Document #20).)  SBG was permitted to intervene in this matter to contest Olympic's ownership of the domain names.  See Olympic Sports Data Servs., Ltd. v. Maselli, 2008 WL 5377626 (E.D. Pa. Dec. 22, 2008) (memorandum and order granting SBG's motion to intervene).  Primarily, SBG wants a declaratory judgment that it is the rightful owner of the domain names.  In addition, SBG claims damages for conversion, tortious interference with existing and prospective economic relations, and unjust enrichment.  (See Compl. ¶¶ 40–55 (Document #19).)  Olympic challenges whether these state law claims are proper.  After review of the parties' memoranda, I will deny the

---

[1] A "domain name" is defined by federal statute as "any alphanumeric designation which is registered with or assigned by any domain name registrar, domain name registry, or other domain name registration authority as part of an electronic address on the Internet."  15 U.S.C. § 1127 (2006).  It directs Internet users on where to find a particular web page.  Strick Corp. v. Strickland, 162 F. Supp. 2d 372, 373 n.1 (E.D. Pa. 2001).  "No two organizations can have the same domain name."  Id.

motion to dismiss.

**I. Background**

The domain names were initially registered on or about April 24, 1997, by Total Entertainment Canada, Ltd. and Sandy Maselli (collectively, the sellers). (Mot. to Intervene at 2 (Document #3).) On or about August 30, 2002, Olympic purchased the domain names. (Id.) The Whois registration information,[2] which publicly identifies a domain name's registrant, was not updated and continued to list the sellers as the registered owners. (Id.)

In July 2003, SBG began to lease the domain names from the sellers and created websites for them. (Id.) In October 2004, SBG purchased the registrations for the domain names for $75,000.00 from the sellers, and used the Internet company Escrow.com to serve as the escrow agent. (Id. at 3.) SBG claims the sellers never disclosed the prior sale to Olympic and that the Whois information continued to list the sellers as the registrants. (Id. at 2–3.) After the purchase, SBG transferred the domain names to a new registrar and updated the Whois information. (Id. at 3.)

---

[2] The Internet Corporation for Assigned Names and Numbers (ICANN) explains that, WHOIS services provide public access to data on registered domain names, which currently includes contact information for Registered Name Holders. . . . ICANN requires accredited registrars to collect and provide free public access to the name of the registered domain name and its nameservers and registrar, the date the domain was created and when its registration expires, and the contact information for the Registered Name Holder, the technical contact, and the administrative contact.

WHOIS, ICANN, http://gnso.icann.org/issues/whois (last visited Mar. 9, 2009).

On July 14, 2005, Olympic filed an arbitration claim with the American Arbitration Association against the sellers to establish its ownership of the registrations of the domain names. (Id.) The arbitration was held pursuant to the Uniform Domain Name Dispute Resolution Policy (UDRP). (Mot. to Vacate at 1 (Document #4).) At least one attempt was made to serve process on SBG's owner and operator, Mr. Eduardo Agami, by regular mail. Whether it was successful is not known. (See Arbitrator's Decision on Liability at 1 (Document #3 Ex. 4).) On May 5, 2006, the arbitrator decided in favor of Olympic and directed that the registration for the domain names should be transferred to Olympic. (Id. at 2.) On February 22, 2007, the arbitrator confirmed the transfer and awarded Olympic a monetary award of $243,283.75. (Mot. to Intervene at 4.) Neither SBG nor Mr. Agami participated in the proceedings.

On July 26, 2007, Olympic filed its Petition to Affirm Arbitrator's Orders (Document #1).[3] I granted the petition on August 15, 2007. Seven months later on March 18, 2008, SBG filed its motions to intervene and to vacate. I granted the motion to intervene to allow SBG to contest ownership of the domain names and denied the motion to vacate. See Olympic Sports Data, 2008 WL 5377626 (memorandum and order granting SBG's motion to intervene). SBG was directed to file a complaint setting forth its claim. See id.

---

[3] SBG alleged it was not included or notified of the action. (See Mot. to Intervene at 6 ("Olympic intentionally left SBG out of the matter . . . .").)

Pursuant to a provision of the Anticybersquatting Consumer Protection Act,[4] SBG seeks declaratory judgment for a transfer of the ownership. (See Compl. ¶ 38.) Claims for conversion, tortious interference with economic relations, and unjust enrichment are also included. Olympic's motion addresses these state law claims.

**II. Standard of review**

Olympic did not specify under which rule it moves to dismiss. My review of the memorandum leads me to conclude that Olympic challenges both subject matter and personal jurisdiction.

**a) Dismissal for lack of subject matter jurisdiction**

Rule 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter" of a case. "Without jurisdiction the court cannot proceed at all in any case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). The plaintiff bears the burden of establishing subject matter jurisdiction. Carpet Group Int'l v. Oriental Rug Imp. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

---

[4] The Anticybersquatting Consumer Protection Act, which amended the Lanham Act, provides "an explicit cause of action . . . to redress the loss of a domain name under the UDRP." See Dluhos v. Strasberg, 321 F.3d 365, 373 (3d Cir. 2003). The act provides in pertinent part:
> A domain name registrant whose domain name has been . . . transferred . . . [may] file a civil action to establish that the registration or use of the domain name by such registrant is not lawful under this chapter. The court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant.

15 U.S.C. § 1114(2)(D)(v) (2006).

A Rule 12(b)(1) motion may present either a facial or a factual challenge to subject matter jurisdiction. "A challenge to a complaint for failure to allege subject matter jurisdiction is known as a 'facial' challenge, and must not be confused with a 'factual' challenge contending that the court in fact lacks subject matter jurisdiction, no matter what the complaint alleges . . . ." N.E. Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001) (citing Mortensen, 549 F.2d at 891).

**b) Dismissal for lack of personal jurisdiction**

Under Rule 12(b)(2), the burden is on the plaintiff to prove that jurisdiction exists over the defendant in the forum state. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998). A court must construe all facts in the light most favorable to the plaintiff in deciding if personal jurisdiction exists. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). "At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of jurisdiction; once the motion is made, the plaintiff must respond with actual proofs not mere allegations." Patterson v. Federal Bureau of Investigation, 893 F.2d 595, 603-04 (3d Cir. 1990).

Rule 4(e) of the Federal Rules of Civil Procedure authorizes a district court to exercise personal jurisdiction over a non-resident defendant to the extent allowed by the long-arm statute of the state in which the court sits. Provident Nat'l Bank v. Cal. Fed. Sav. and Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987). Pennsylvania's long-arm statute permits the court to exercise personal jurisdiction over a non-resident defendant to the

fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001); see also 42 PA. CONS. STAT. ANN. § 5322(b) (2007). This inquiry under the Due Process Clause requires analyzing the relationship between the defendant, the forum, and the litigation. Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

**III. Discussion**

Olympic moves to dismiss the state law claims based on three arguments: (1) the claims are not within the scope of this court's December 23, 2008 Order granting SBG leave to intervene; (2) any consent it made to be subject to this court's jurisdiction is limited to resolving ownership alone, and (3) this court lacks jurisdiction to consider the pendent state law claims. None of these arguments is persuasive.

**a) Purported limitations of the intervention**

In recognition of the "unique circumstances" of this case, I granted SBG's motion to intervene on December 23, 2008. See Olympic Sports Data, 2008 WL 5377626 (memorandum and order granting SBG's motion to intervene). The district court is entitled to discretion in the interpretation of its own order, so long as it is not contrary to the order's plain meaning. DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006) (describing the Third Circuit Court of Appeals' standard of review when considering a district court's interpretation of its own order).

My review of that memorandum and order has revealed no limitation on the scope of SBG's entry into this matter. Olympic has pointed to no ambiguous language expressing any purported limitation. Instead, Olympic states that I agreed that the only ground for SBG's intervention was to contest ownership, but then inexplicably cites to SBG's memorandum and not the court's. (See Olympic's Mot. to Dismiss at 6 ("[T]he Court did not find that there was jurisdiction for SBG to litigate anything other than what it requested permission to do by way of intervention: 'It should be permitted to adjudicate its property interest in the Domain Names.'").)

Though SBG's intention to seek damages may not have been clear initially, Olympic has failed to demonstrate why those claims must be dismissed. SBG was granted the right to intervene and has filed a complaint to that end. On its face, the memorandum presents no limitations on that entry, and I decline to interpret it otherwise.[5] Accordingly, I will dismiss Olympic's motion as to this point.

**b) Claim of limited personal jurisdiction**

Olympic's claim that the court has only limited personal jurisdiction over it is spurious. "[A] party is deemed to have consented to personal jurisdiction if the party

---

[5] Olympic contends that SBG's state law claims involve "complex issues of damages involving a wide ranging exploration of the business affairs and profits of both SBG and Olympic over a period of years." (Olympic's Mot. to Dismiss at 10 n.4.) The fact that the court granted the parties sixty (60) days to conduct discovery is alleged to be evidence of the limited nature of SBG's right to intervene. (Id.) I find the argument unpersuasive. Accepting as true Olympic's necessary premise that the length of discovery can be used to divine judicial intent, it has failed to prove that no other possible reason existed for the discovery schedule. At most, it has shown that a limited entry by SBG may have been a consideration, but not the sole or controlling one.

actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." In re Tex. E. Transmission Corp., 15 F.3d 1230, 1236 (3d Cir. 1994). A plaintiff's initiation of litigation can be described as nothing less than a demonstrated willingness to engage in actual litigation in the forum. Initially the plaintiff in this litigation, Olympic now finds itself in the role of the defendant with respect to SBG. It cannot now argue that the court lacks personal jurisdiction.

The fact that Olympic is now in a defensive posture over the same subject matter does not change the analysis. The company has availed itself of the courts in the forum state. It initiated litigation to confirm an arbitration decision transferring ownership of the domain names and awarding damages. SBG has brought claims regarding Olympic's ownership and use of the same domain names. Olympic has undoubtedly subjected itself to this court's jurisdiction, and it has presented no legal authority indicating otherwise.

### c) Failure to state basis of jurisdiction

Olympic argues that the state law claims should be dismissed because SBG failed to assert a basis of subject matter jurisdiction. Federal Rule of Civil Procedure 8 requires that pleadings contain "a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." SBG failed to do so for these state law claims. Despite this failure, I will still deny the motion as dismissal on this basis is disfavored. Cf. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (stating that in the context of the entry of default judgment, the Third Circuit's stated preference is that "cases be disposed of on

the merits whenever practicable.") By statute, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2006). I will grant SBG leave to amend its complaint to the extent a basis of jurisdiction must be provided.

**IV. Conclusion**

For the foregoing reasons, I will deny the motion and direct SBG to amend its complaint accordingly.[6] An appropriate Order follows.

---

[6] My ruling does not address the period of time for which any potential damages should be calculated and should not be construed as tacit acceptance of any particular period of time.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OLYMPIC SPORTS DATA** | : | |
| **SERVICES, LTD.,** | : | **MISCELLANEOUS ACTION** |
|     **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-117** |
| | : | |
| **SANDY MASELLI, Jr., et al.,** | : | |
|     **Defendants** | : | |

## O R D E R

**STENGEL, J.**

    **AND NOW**, this _____ day of March, 2009, upon consideration of Olympic's partial motion to dismiss (Document #20), it is hereby ORDERED that the motion is DENIED.

    **IT IS FURTHER ORDERED** that SBG Global shall have fifteen (15) days from the date of this Order to amend its complaint to provide a basis of subject matter jurisdiction for Counts II, III, and IV of the complaint.

                                        BY THE COURT:

                                        /s/ Lawrence F. Stengel
                                        LAWRENCE F. STENGEL, J.