IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLYMPIC SPORTS DATA SERVICES, LTD., | : | MISCELLANEOUS ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-117 |
| | : | |
| SANDY MASELLI, Jr., et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                    **January 21, 2010**

SBG Global, the intervenor in this case, filed a motion for a protective order regarding the depositions of Eduardo Agami and Luis Morera. The motion will be denied.

On August 15, 2007, this Court entered final judgment in this matter in favor of plaintiff Olympic Sports Data Services against Sandy Maselli, Jr. and Total Entertainment Canada, Ltd., affirming a final award of arbitration in the amount of $243,283.75 and ordering the transfer, to Olympic from Maselli, of two online domain names (Document #2).

On March 18 and 19, 2008, SBG filed a motion to intervene in the action (Document #3), and a motion to vacate this Court's August 15, 2007 order (Document #4). SBG Global asserted an interest in the two domain names that were transferred from Maselli to Olympic pursuant to the Court's order and claimed it was the only entity with the right to use the domain names. On December 22, 2008, I granted the motion to intervene and denied the motion to vacate (Document # 16). In a memorandum, I

observed that little prejudice to the parties would result from granting SBG's motion to intervene in the case because the result—that Olympic's ownership of the domain names would be challenged—would occur through SBG's intervening or through other measures on the part of SBG, such as bringing its own suit. I noted SBG's own admission that "[t]he [Uniform Domain Name Dispute Resolution Policy] ["UDRP"] does not prevent a party from filing suit 'after' UDRP proceedings are complete." Olympic Sports Data Services, Ltd. v. Maselli, 2008 WL 5377626 at *2 (E.D.Pa. Dec. 22, 2008).

Olympic wants to take the depositions of Eduardo Agami, the sole proprietor of SBG, and Luis Morera, SGB's computer consultant. SBG seeks a court order that the depositions of Mr. Agami and Mr. Morera be taken either in Costa Rica or in Jamaica. Both are residents of and do business in Costa Rica, and Mr. Agami's counsel represented that Mr. Agami would be unable to obtain a visa to the travel to the United States. Olympic responded that SBG availed itself of this Court by choosing to intervene in the underlying matter between Olympic and Maselli and could not avoid having to travel here for depositions, a hearing, or trial in this matter. Olympic also clarified that, under the Anti-Cyber Squatting Consumer Protection Act ("ACPA"), SBG had an affirmative cause of action based on the loss of a domain name as a result of the UDRP proceedings. In other words, it argued, Mr. Agami knew he had the right to bring suit de novo to obtain a determination of the ownership of the domain names and was therefore not without redress had he refrained from intervening in the action between Olympic and Maselli.

I denied SBG's motion for a protective order but, upon its request, stayed the scheduled depositions and granted it leave to provide documentation proving that Mr. Agami had attempted and failed to obtain a visa to travel here, had legitimate reasons for being denied, and would continue to be so denied. SBG has submitted the documents, which show only that (1) Mr. Agami has an extensive criminal history in the state of New York; (2) he encountered visa problems while traveling to the United States as early as 2003, before he chose to intervene in this matter; and (3) he has, since intervening, again attempted and failed to obtain a travel visa. These documents only serve to make clear that Mr. Agami knew, at the time he chose to intervene in this action, that he had a problematic criminal history and was likely to have difficulties traveling to this country. They do not establish that Mr. Agami would be refused a temporary business visa for purposes of traveling to the United States to participate in ongoing litigation here.[1]

Mr. Agami took advantage of the jurisdiction of this court by intervening in this case to state his claims to the domain names in question. Now that he has made himself a part of this litigation, he refuses to travel to the Eastern District of Pennsylvania to participate in a deposition. Had he participated in the arbitration under the UDRP all claims to the ownership of the domain names could have been resolved in the process

---

[1] Moreover, when Mr. Agami was notified of the pending arbitration between Olympic and Maselli, he informed the International Center for Dispute Resolution ("ICDR")/International Division of the American Arbitration Association that he believed he had acquired the domain names in good faith and refused to appear before the ICDR to contest ownership of the domain names. Pl.'s Resp. To Motion for Prot. Order, Ex. Q. Mr. Agami gave up his chance to participate in the arbitration proceedings the result of which he now contests.

established by statute. His request that the parties accommodate his circumstances, i.e. his inability to travel to the United States because of his criminal record here, to their great expense and inconvenience, is unreasonable.

The motion for a protective order is denied. Mr. Agami and Mr. Morera shall appear for their depositions within forty-five days of the date of the order accompanying this memorandum at a location within the Eastern District of Pennsylvania. The failure of Mr. Agami to appear for his deposition or to produce Mr. Morera for his, may result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 37(b), including dismissal of SBG's complaint. An appropriate order follows.